J-S68031-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARIN WARD HOFFMAN | : | |
| | : | |
| Appellant | : | No. 856 WDA 2019 |

Appeal from the PCRA Order Entered May 15, 2019
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000135-1998

BEFORE: GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY GANTMAN, P.J.E.: FILED JANUARY 13, 2020

Appellant, Darin Ward Hoffman, appeals pro se from the order entered in the Somerset County Court of Common Pleas, which dismissed as untimely his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On October 26, 1998, a jury convicted Appellant of first-degree murder and carrying firearms without a license. The court sentenced Appellant on December 14, 1998, to life imprisonment for murder and a concurrent two to five years' imprisonment for the firearms offense. This Court affirmed on September 28, 1999, and our Supreme Court denied allowance of appeal on June 1, 2000. See Commonwealth v. Hoffman, 747 A.2d 413 (Pa.Super. 1999), appeal denied, 563 Pa. 658, 759 A.2d 383 (2000).

_____

[*] Retired Senior Judge assigned to the Superior Court.

Between 2000 and 2003, Appellant unsuccessfully litigated a first PCRA petition. On July 10, 2018, Appellant filed pro se (per the prisoner mailbox rule) the current, second PCRA petition, which was docketed on August 7, 2018. The court issued Pa.R.Crim.P. 907 notice on January 4, 2019. Following a pro se response, the court denied relief on May 15, 2019. Appellant timely filed a pro se notice of appeal and concise statement on June 5, 2019.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. Commonwealth v. Zeigler, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

Instantly, the judgment of sentence became final on August 30, 2000, upon expiration of the time to file a petition for writ of certiorari with the U.S. Supreme Court. See U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of certiorari). Appellant filed the current petition on July 10, 2018, which is patently untimely. See 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to

invoke the "new constitutional right" exception at Section 9545(b)(1)(iii), relying on McCoy v. Louisiana, ___ U.S. ___, 138 S.Ct. 1500, 200 L.Ed.2d 821 (2018) (holding criminal defendants have Sixth Amendment right to insist that counsel refrain from admitting defendant's guilt; when client expressly asserts that objective of defense is to maintain innocence, counsel may not concede defendant's guilt; violation of defendant's Sixth Amendment secured autonomy constitutes structural error[1]).[2]

Nevertheless, a defendant's "secured autonomy" under the Sixth Amendment is not a "new" constitutional right. See, e.g., Florida v. Nixon, 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004) (recognizing defendant's ultimate authority to decide whether to plead guilty, waive jury trial, testify in his own defense, or take appeal); Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (explaining Sixth Amendment grants to accused personally right to make his own defense; Sixth Amendment speaks of "assistance" of counsel; "assistant," however expert, is still assistant). McCoy simply applied a defendant's well-rooted Sixth Amendment right to autonomy to a new set of circumstances. See, e.g., Commonwealth v.

_____

[1] "[A]n allegation of a structural error does not, in and of itself, surmount the jurisdictional time bar of Section 9545(b)." Commonwealth v. Baroni, 573 Pa. 589, 593, 827 A.2d 419, 422 (2003).

[2] The Supreme Court decided McCoy on May 14, 2018, so Appellant complied with the statutory time allowed under 42 Pa.C.S.A. § 9545(b)(2).

Garcia, 23 A.3d 1059 (Pa.Super. 2011), appeal denied, 614 Pa. 710, 38 A.3d 823 (2012) (holding application of criminal defendant's long-standing constitutional right to effective assistance of counsel to new set of facts did not create "new constitutional right" under PCRA).[3]  See 42 Pa.C.S.A. § 9545(b)(1)(iii).  Thus, the PCRA court properly dismissed Appellant's current petition as untimely.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/13/2020

---

[3] Further, Appellant stipulated at trial that he discharged the weapon that killed his wife, and the court conducted a colloquy to confirm Appellant's stipulation was knowing and voluntary.  Therefore, McCoy is distinguishable in any event.